[Criminal No. 238.   Filed March 22, 1907.]

[89 Pac. 539.]

JAMES A. SIAS, Defendant and Appellant, v. TERRI-
TORY OF ARIZONA, Appellee.

1. EMBEZZLEMENT—PUBLIC OFFICER—OWNERSHIP OF PROPERTY—INDICT-
MENT—SUFFICIENCY—REV. STATS. ARIZ. 1901, PENAL CODE, SEC.
458.—An indictment under section 458, *supra,* charging defendant,
a deputy sheriff, with embezzling money received by him as such
deputy sheriff, properly alleges such money to be personal property
of the sheriff, even though it be conceded that the money when col-
lected by defendant became public money; the fact that in alleging
the fiduciary capacity in which the money was received it is disclosed
that the sheriff's ownership was a qualified one, in no way misled or
prejudiced the defendant.

2. SAME—INDICTMENT—SUFFICIENCY.—An indictment charging a deputy
sheriff with embezzlement is sufficiently certain where it recites the
election and qualification of the sheriff and qualification of the de-
fendant as his deputy, and that he was such deputy at the time he
received and embezzled the money.

APPEAL from a judgment of the District Court of the
Fourth Judicial District, in and for the County of Yavapai.
Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Ross & O'Sullivan, for Appellant.

The indictment was drawn under paragraph 458, Penal
Code. Under this section the funds must belong to the pub-
lic or private corporation, association or society, and must
have come into the possession or control of such officer, deputy,
clerk or agent by virtue of his official position or trust. In
*Territory* v. *Meyer,* 3 Ariz. 199, 24 Pac. 183, the supreme
court of Arizona used this language: ''This section was meant
to apply to persons occupying fiduciary relations, such as pub-
lic officers and officers and agents of corporations, public and
private. To sustain a conviction under this section, three
facts must be shown: 1. The trust relation; 2. The possession
or control of property by virtue of the trust; and 3. The
fraudulent appropriation of the property not in the due and
lawful execution of the trust.''

This same language is quoted with approval in *Hinds* v. *Territory*, 8 Ariz. 372, 76 Pac. 469. In the Hinds case the court said: "The trust relation referred to in section 458, as it applies to the case before us, is that which exists between the agent and the corporation. The *property* which, in the contemplation of that section, may become the subject of embezzlement, is *primarily the property of the corporation*—property which, having come into his possession or control by virtue of said trust relation, the agent can be compelled to account for *to the corporation.* It must be property in which the *corporation has a qualified ownership.*"

The indictment alleged that the money was the personal property of Joseph I. Roberts, sheriff of Yavapai county. The law is, that if the defendant received and had in his possession or control as a public officer, and not otherwise, this money, it is "public money," and not the personal property of Roberts, and the indictment is, therefore, fatally defective, for the reason that there is a misdescription of ownership of the property. See *Brady* v. *Territory*, 7 Ariz. 12, 60 Pac. 698; *People* v. *Hamilton* (Cal.), 32 Pac. 526, under section 426, California Criminal Code, which is a rescript of section 400, Arizona Penal Code; *People* v. *Shearer*, 143 Cal. 66, 76 Pac. 813; *County of San Luis Obispo* v. *Farnum*, 108 Cal. 562, 41 Pac. 445.

E. S. Clark, Attorney General, for Respondent.

That the indictment in this case is sufficient, see *State* v. *New*, 36 Ind. App. 521, 76 N. E. 181; *Goslin* v. *Commonwealth*, 121 Ky. 698, 90 S. W. 223; *State* v. *Bogardue*, 36 Wash. 297, 78 Pac. 942; *People* v. *Goodrich*, 142 Cal. 216, 75 Pac. 796.

CAMPBELL, J.—Appellant was indicted and convicted for the crime of embezzlement. The only question before us for determination is the sufficiency of the indictment, which, in substance, charges that the defendant, while deputy of the sheriff of Yavapai county, received and had in his possession and under his control, by virtue of his trust as such deputy, and not otherwise, the sum of $997.90, which money was then and there the personal property of Joseph I. Roberts, sheriff of Yavapai county, whose deputy he was, and that, while so having in his possession and under his control such money, he fraudulently appropriated it to his own use. This indictment

was drawn to charge an offense under section 458 of the Penal Code. That section provides: "Every officer of this territory or of any county, city, or other municipal corporation or subdivision thereof, and every deputy, clerk or servant of any such officer, and every officer, director, trustee, clerk, servant, or agent of any association, society or corporation (public or private) who fraudulently appropriates to any use or purpose not in the due and lawful execution of his trust, any property which he has in his possession or under his control by virtue of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement."

It is first contended by the appellant that the indictment is not direct and certain, in that it is inconsistent in its allegations as to the ownership of the money charged to have been embezzled. It is insisted that, by force of certain statutory provisions, all moneys received by public officers in their official capacities become and are public moneys, and therefore that, by charging in the indictment that the defendant received the money in his official capacity as deputy sheriff, the ownership of it is thereby alleged to be in the county, which, it is claimed, is contradictory of the allegation of the ownership of the sheriff. Sheriffs collect money due counties for license taxes, and also receive money upon executions. Without deciding the point, we may concede, for the purposes of this case, that all of such money, when collected, becomes by force of the statute public money. The sheriff must account to the county for the license taxes, and to the judgment creditor for money collected upon execution. His deputies are accountable to him, and he is responsible for their acts. He has such a special property in the moneys collected by them, although they be public moneys, as will support an allegation of the ownership of the money in him in an indictment for larceny or embezzlement. The fact that, in alleging the fiduciary capacity in which the defendant received the money, it is thereby disclosed that the sheriff's ownership was a qualified one, does not in any way mislead or prejudice the defendant.

Appellant further complains that the indictment is not direct and certain in its allegations that Roberts was sheriff at the time the money is alleged to have been embezzled. It recites the election and qualification of Roberts as sheriff, and the appointment and qualification of the defendant as the deputy of Roberts, and that he was such deputy at the time

XI Ariz.—12

he received and embezzled the money.    We think the allega-
tions are sufficient.

No error appearing, the judgment of the district court is
affirmed.

KENT, C. J., and DOAN and NAVE, JJ., concur.